**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK**

| | |
|---|---|
| Terra Finance, LLC, and Kofi Osae-Kwapong<br><br>Plaintiffs<br><br>vs.<br><br>Acrow Corporation of America<br><br>Defendant | **Civil Action No. 16-75 (SRC)**<br><br><br>**FIRST AMENDED COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, Terra Finance, LLC, ("Terra Finance"), and Kofi Osae-Kwapong by their attorneys, bring suit against Acrow Corporation of America ("Acrow"). As grounds for this Complaint, Plaintiffs state as follows.

## I.  INTRODUCTION

Terra Finance brings this action for money due and owing from labor and services it provided to Acrow in connection with Acrow's contract with the Republic of Ghana ("Ghana"), to supply prefabricated modular Acrow 700XS steel panel bridging materials for the construction of one hundred (100) bridges in Ghana. As detailed herein, Terra Finance served as Acrow's exclusive sales representative to secure the sale of Acrow's bridges to Ghana.

## II.  PARTIES

1.  Plaintiff-Terra Finance, LLC has its principal place of business at 11 Lake Street - 6W, White Plains, New York.

2. Plaintiff-Mr. Kofi Osae-Kwapong is the president and principal of Plaintiff-Terra Finance, LLC, and is a citizen of New York State, with his home address at 11 Lake Street - 6W, White Plains, New York.

3. Defendant Acrow Corporation of America ("Acrow") has been incorporated in the State of New Jersey since 1951, and has its principal place of business at 181 New Road, Parsippany, New Jersey.

### III. JURISDICTION

4. This Court has subject matter jurisdiction under to 28 U.S.C § 1332.

### IV. VENUE

5. Venue in this District is proper under 28 U.S.C. § 1391(b)(1), seeing Defendant's principal place of business is at 181 New Road, Parsippany, New Jersey,

### V. STATEMENT OF FACTS

6. In 1999, the Ministry of Roads and Transportation ("Ministry") of Ghana launched a Road Sub-Sector Development Program ("RSDP") to improve the road conditions throughout the country. Under the RSDP the Department of Feeder Roads (DFR) launched a strategic plan to replace weak and broken log bridges to improve road access, reduce incidence of accidents and promote economic development.

7. In 2003, Mr. Kofi Osae-Kwapong ("Mr. Kofi"), president of Terra Finance, learned about an opportunity to contract with the Ministry's DFR to supply 100 new modular bridges on feeder roads in various parts of Ghana.

8. Sometime thereafter, Mr. Kofi approached and communicated this opportunity to Mr. Bill Killeen ("Mr. Killeen") of Acrow.

9. On or about May 14, 2004, Terra Finance and Acrow entered into a one-year Distribution Agreement for Terra Finance to serve as the exclusive distributor marketing Acrow panel bridge systems, steel beam bridges, and steel pony and through truss bridge systems in Ghana and Sierra Leone.

10. On or about June 9, 2004, Terra Finance and Acrow entered into a one-year Representative Agreement ("2004 Agreement") for Terra Finance to serve as Acrow's exclusive sales representative selling bridges in Ghana.

11. On or about May 11, 2007, Terra Finance and Acrow entered into a Representative Agreement ("2007 Agreement"), the terms of which provided that Terra Finance would serve as the exclusive representative, selling Acrow Panel Bridges and other bridges distributed by Acrow, in Ghana.

12. Under the 2007 Agreement, Terra Finance would be compensated by Acrow for securing the order which includes, among other activities, working with consultants, engineering services in connection with pre-contract or post-contract negotiation, influencing the specifications, sales promotion, securing the inquiry, providing bid results, and origination of order.

13. Under the Representative Agreements of 2004 and 2007, the commission rate for Terra Finance's services were:

    i. 10% for orders up to $100,000.00,

    ii. 7% for orders between $101,000.00 to $150,000.00,

    iii. 5% for orders between $151,000.00 to $750,000.00,

    iv. 3% for orders between $751,000.00 to $2,000,000.00,

    v. 2% for orders between $2,001,000.00 to $3,000,000.00, and

      vi.   "Negotiable" for orders over $3,000,000.00.

14.    After entering into the aforementioned agreements, Mr. Kofi of Terra Finance worked tirelessly to secure Acrow's sale of the bridges to Ghana, engaged in all facets from pre-contract and post-contract negotiations with various Ghanaian agencies and representatives, to securing financing for Ghana's purchase of Acrow's bridges.

15.    Due specifically to Mr. Kofi's efforts, on or about February 8, 2006, Acrow contracted with the Ministry to design, fabricate and deliver prefabricated modular Acrow 700XS steel panel bridging materials for the construction of one hundred (100) bridges in Ghana, pursuant to Contract Number DFR\American\BR\01\04.

16.    Seeing Acrow's bridge sales to Ghana were to exceed $3,000,000 per the 2004 Agreement and the 2007 Agreement, Terra Finance was to negotiate its compensation with Acrow.

17.    Both parties negotiated and reached an agreement on Terra Finance's compensation.

18.    Mr. Killeen of Acrow via an electronic mail ("e-mail") dated July 11, 2008, wrote to Mr. Kofi of Terra Finance, and confirmed that:

      i.   the commission rate was 10% for sales topping $3,000,000, and

      ii.   the amount of bridges sold totaled $25,456,553.

19.    Acrow owed a total commission of $2,545,655.3 to Terra Finance.

20.    Payments to Terra Finance were to be issued upon each shipment of bridges.

21.    By the end of the first shipment Acrow had paid Terra Finance a total of $200,000, leaving a balance of $2,345,655.3, which Acrow refused to pay.

22. Terra Finance sought several non-litigation means to obtain its commission, all to no avail.

23. On January 6, 2009 after Acrow had shipped all the bridges and received all the revenue, Acrow's attorneys issued a letter to Terra Finance, explaining that Acrow would review the entire venture and decide on paying the balance owed on Terra Finance's commission.

24. From January 6, 2009 to date, however, Acrow has failed to remit the balance of $2,345,655.3, leaving Terra Finance no choice but to initiate this legal action.

## VI. CAUSES OF ACTION
### COUNT I – BREACH OF CONTRACT

25. Terra Finance realleges and incorporates herein by reference the allegations set forth in paragraphs 1-23 of this Complaint.

26. Terra Finance performed all of its obligations under the 2004 Agreement and the 2007 Agreement. Acrow breached the Agreement in failing and refusing to pay Terra Finance in full for labor and services furnished by Terra Finance, for which Acrow received revenues of $25,456,553.

27. As a direct and proximate result of Acrow's breach of contract, Terra Finance suffered damages in the amount of $2,345,655.3.

### COUNT II – UNJUST ENRICHMENT
### (QUANTUM MERUIT)

28. Terra Finance realleges and incorporates herein by reference the allegations set forth in paragraphs 1-26 of this Complaint.

29. Plaintiffs provided valuable labor and services, and completed their obligations under the 2004 Agreement and the 2007 Agreement.

30. Defendant benefited from Terra Finance's labor and services, including but not limited to the fact that Acrow could not have secured the sale of the bridges or performed its obligations to Ghana, in the absence of the labor and services provided by Terra Finance.

31. Without Terra Finance, Acrow certainly would not have learned of the opportunity to sell its bridges to Ghana, nor would Acrow have sold any bridges to Ghana without Mr. Kofi's tireless effort at Terra Finance, between 2004 and the first bridge shipments in 2009 - Neither would Acrow have garnered revenues of $25,456,553 from selling its bridges to Ghana.

32. Now, having received such revenues, Acrow refuses to pay Terra Finance the balance of its commission, $2,345,655.3, for bringing this opportunity to Acrow, and for investing about five years of the labor and services that secured Acrow's bridge sales and revenue.

33. Terra Finance suffered damages and Acrow has been unjustly enriched, due to Acrow's blatant refusal to pay Terra Finance the balance of Terra Finance's commission, for the labor and services Terra Finance provided.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for:

1. Judgment in the amount of $2,345,655.3;
2. Costs of suit incurred herewith;
3. Attorneys' fees;
4. Pre-judgment interest,
5. Post-judgment interest, and
6. Such other and further relief as the Court may deem just and proper.

## **JURY REQUEST**

Plaintiffs request a Jury on all issues in the cause.

Dated: February 4, 2016              /s/Aderemilekun A. Omojola          
                                           ADEREMILEKUN A. OMOJOLA, ESQ.
                                           OMOJOLA & ASSOCIATES, P.C.
                                           30 Howe Avenue | Suite 202
                                           Passaic | New Jersey | 07055
                                           Tel: 973.955.4721 | Fax: 973.955.4722
                                           aomojola@omojolalaw.com
                                           Attorneys for Plaintiffs