**LeCLAIRRYAN, P.C.**
Kenneth C. Beehler, Esq. (KB-2763)
885 Third Avenue, 16th Floor
New York, New York 10022
Tel: (212) 697-6555
Fax: (212) 986-3509
Kenneth.Beehler@leclairryan.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TERRA FINANCE, LLC and<br>KOFI OSAE-KWAPONG,<br><br>            Plaintiffs,<br>    v.<br><br>ACROW CORPORATION OF AMERICA,<br><br>            Defendant. | Civ. Action No.: 16-cv-0075 (SRC)<br><br><br><br>**(Motion Date: June 6, 2016)** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS ACTION AND COMPEL ARBITRATION**

i

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.......................................................1

ARGUMENT..................................................................................................................................4

CONCLUSION...............................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256 (3d Cir. 2003) .......................................................... 4

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238 (1985) .................................... 4

*Great W. Mortgage Corp. v. Peacock*, 110 F.3d 222 (3d Cir. 1997) ............................................... 5

*Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149 (3d Cir. 1989) ......... 4

*John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132 (3d Cir. 1998) ........................................ 5

*Lomax v. Meracord L.L.C.*,
   No. 13–1945 (SRC), 2013 WL 5674249 (D.N.J. Oct. 16, 2013) .............................................. 4

*Mutual Ben. Life Ins. Co. v. Zimmerman*, 783 F. Supp. 853 (D.N.J. 1992) ................................... 5

*Palko v. Airborne Express, Inc.*, 372 F.3d 588 (3rd Cir. 2004) ....................................................... 4

*Premier Health Center, P.C. v. UnitedHealth Group*,
   No. 11-425 (ES), 2012 WL 1098543 (D.N.J. Mar. 30, 2012) .................................................... 6

*Sabre Glbl, Inc. v. Shan*, No. 15-8900 (WJM), 2016 WL 1365996 (D.N.J. Apr. 6, 2016) ............ 6

*Sarbak v. Citigroup Global Markets, Inc.*, 354 F.Supp.2d 531 (D.N.J. 2004) ............................... 5

**Statutes**

9 U.S.C. § 1 ................................................................................................................................... 4

9 U.S.C. § 2 ................................................................................................................................... 5

9 U.S.C. § 3 ................................................................................................................................... 4

9 U.S.C. § 4 ................................................................................................................................ 1, 5

**Rules**

FRCP 12 (b)(6) .............................................................................................................................. 1

**PRELIMINARY STATEMENT**

Plaintiffs Terra Finance, LLC ("Terra Finance") and Kofi Osaw-Kwapong ("Kofi") have filed an action in this Court against Acrow Corporation of America ("Acrow") despite broad, unambiguous language in the agreements governing the relationship between the parties that compels the parties to resolve any disputes via arbitration. Both agreements cited by Plaintiffs as the basis for their claims explicitly state that any dispute must be decided by arbitration conducted in accordance with the Rules of the International Chamber of Commerce (the "ICC"). Where, as here, there is a clear choice made by the parties in a valid agreement to arbitrate, federal law and policy, in addition to overwhelming case law in the Third Circuit, directs that arbitration be compelled.

Indeed, the necessary result is even more evident here, where ***Plaintiffs themselves already have commenced arbitration with the ICC arising from the same operative facts, asserting essentially the same claims, and relying on the same instruments, as the claims asserted in this case***. Clearly, Plaintiffs have conceded that the arbitration provision is valid, is applicable to the facts here, and should be adhered to, and yet Plaintiffs persist in pursuing this action. Plaintiffs cannot have two bites at the apple here, and should not be allowed to impose unnecessary burdens on the Court and Acrow, and therefore should be compelled to pursue any remedies solely in arbitration -- as expressly agreed to by the parties. Accordingly, Acrow requests that this Court dismiss this action and compel Plaintiffs to arbitrate their claims against Acrow pursuant to FRCP 12 (b)(6) and Section 4 of the Federal Arbitration Act.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On October 31, 2003, Acrow submitted a quote to Terra Finance for the provision of materials to construct bridges for the Ghana Feeder Roads Bridges Project (the "Ghana Bridge

Project"). Declaration of Kenneth Beehler dated May 11, 2016 ("Beehler Decl.") at Ex. A. On April 22, 2004, Acrow submitted a new quote for the Ghana Bridge Project to Terra Finance. Beehler Decl.at Ex. B. On May 14, 2004, Acrow and Terra Finance drafted a distributorship agreement whereby Acrow would provide specified bridge systems and Terra Finance would be the exclusive distributor to market those products in Ghana. Beehler Decl.at Ex. C. This agreement was never executed.

Instead, on June 9, 2004, Acrow and Terra Finance entered into a Representative Agreement whereby Terra Finance was to act as Acrow's exclusive selling representative for the designated bridge products for sale in Ghana ("2004 Representative Agreement"). Beehler Decl.at Ex. D. The 2004 Representative Agreement included an arbitration provision whereby the parties agreed:

> Any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled by arbitration to be conducted in the United States, in accordance with the rules or conciliation and arbitration of the International Chamber of Commerce. The arbitration shall be conducted by a panel of three (3) arbitrators and their decision shall be final and binding on the parties. Judgement upon the award rendered may be entered in any court having jurisdiction or application may be made to such court for a judicial acceptance of the award and an order of enforcement, as the case may be. In the event that any such arbitration proceedings are commended, Acrow may, without prejudice to the Representative, appoint a temporary representative to solicit and secure orders for Acrow for delivery and use in the Republic of Ghana during the pendency of the arbitration proceedings.

Beehler Decl.at Ex. D.

On February 8, 2006, Acrow entered into a contract with the Republic of Ghana Ministry of Roads & Transport Department of Feeder Roads Accra, Ghana for the supply of prefabricated steel Acrow 700 XS Panel Bridges ("Ghana Contract"). Beehler Decl.at Ex. E. On May 11, 2007, Acrow and Terra Finance renewed the 2004 Representative Agreement, which also provided the same arbitration provision as the 2004 Representative Agreement:

2

> Any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled by arbitration to be conducted in the United States, in accordance with the rules or conciliation and arbitration of the International Chamber of Commerce. The arbitration shall be conducted by a panel of three (3) arbitrators and their decision shall be final and binding on the parties. Judgement upon the award rendered may be entered in any court having jurisdiction or application may be made to such court for a judicial acceptance of the award and an order of enforcement, as the case may be. In the event that any such arbitration proceedings are commended, Acrow may, without prejudice to the Representative, appoint a temporary representative to solicit and secure orders for Acrow for delivery and use in the Republic of Ghana during the pendency of the arbitration proceedings.

Beehler Decl.at Ex. F.

On January 7, 2016, Plaintiffs filed a Summons and Complaint against Acrow in this Court. Beehler Decl.at Ex. G. On February 4, 2016, Plaintiffs filed their First Amended Complaint. Beehler Decl.at Ex. H. In the Amended Complaint, Plaintiffs contend that Acrow failed to make certain payments that Acrow was allegedly required to make to Terra Finance under the terms of the Representative Agreements, and therefore is in breach of these agreements. As alleged by Plaintiffs:

> 26. Terra Finance performed all of its obligations under the 2004 Agreement and the 2007 Agreement. Acrow breached the Agreement in failing and refusing to pay Terra Finance in full for labor services furnished by Terra Finance, for which Acrow received revenues of $25,456.553.
>
> 27. As a direct and proximate result of Acrow's breach of contract Terra Finance suffered damages in the amount of $2,345,655.3.

Beehler Decl.at Ex. H., ¶¶ 26, 27.

On April 5, 2016, Terra Finance and Kofi filed a Request for Arbitration at the International Court of Arbitration in New York. Beehler Decl.at Ex. I. In the Request for Arbitration, the Plaintiffs noted:

> [t]his Court has subject matter jurisdiction in accordance with the Arbitration Clause in the controlling Representative Agreement between the parties, requiring any controversy or claim to be settled in the United States by arbitration of the International Chamber of Commerce.

Beehler Decl.at Ex. I.  Plaintiffs made the same exact claim to the ICC as alleged in the Amended Complaint, namely "From January 6, 2010 to date, however, Acrow has failed to remit the balance owed on Terra Finance's commission."  Beehler Decl.at Exs. H, ¶ 27; I, ¶ 30.  Plaintiffs demanded the same exact damages in the arbitration as the Amended Complaint - $2,345,655.30.  Beehler Decl., Ex. I, ¶ 31On April 25, 2016, Plaintiffs sent a letter to the ICC designating Newark, New Jersey as the location for the arbitration and English as the language of the arbitration.  Beehler Decl.at Ex. J.

## ARGUMENT

Pursuant to FRCP 12 (b)(6), this Court may dismiss an action where a valid agreement to arbitrate the underlying claims exists.  *Palko v. Airborne Express, Inc.*, 372 F.3d 588, 597–98 (3rd Cir. 2004); *Lomax v. Meracord L.L.C.*, No. 13–1945 (SRC), 2013 WL 5674249, at *6 n.3 (D.N.J. Oct. 16, 2013).  Similarly, the Federal Arbitration Act (the "FAA") reflects a "strong federal policy in favor of the resolution of disputes through arbitration."  *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir. 2003).   Where a dispute properly governed by an arbitration agreement is brought in court, a party to the arbitration agreement may request that the court stay the action and compel the parties to proceed with arbitration pursuant to the agreement.  *See* 9 U.S.C. § 3.  Courts are then required to "rigorously enforce" privately negotiated agreements to arbitrate.  9 U.S.C. § 1, et seq.; *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221, 105 S.Ct. 1238 (1985); *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1156 (3d Cir. 1989).

The FAA provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at

4

law or in equity for the revocation of any contract." 9 U.S.C. § 2.  The FAA is an expression of the strong federal policy favoring arbitration as an alternative dispute resolution process. *Mutual Ben. Life Ins. Co. v. Zimmerman*, 783 F. Supp. 853, 868-69 (D.N.J. 1992) (*citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927 (1983)). In accordance with that policy, and "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Id*. at 868 (*quoting Moses H. Cone*, 460 U.S. at 24, 103 S.Ct. 927)); *Great W. Mortgage Corp. v. Peacock*, 110 F.3d 222, 228 (3d Cir. 1997).

The FAA allows any party to an arbitration agreement to seek an order directing the parties to arbitrate in accordance with their agreement. 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court. . . for an order directing that such arbitration proceed in the manner provided for in such agreement."). In fact, "the court *shall* make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4 (emphasis added); *see also Sarbak v. Citigroup Global Markets, Inc.*, 354 F.Supp.2d 531, 543 (D.N.J. 2004).

Generally, on a motion to compel arbitration, the court must determine two threshold issues: (1) whether the parties entered into a contractually valid arbitration agreement; and (2) if so, whether the parties' dispute falls within the scope of the arbitration agreement. *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998); *see also Great W. Mortgage Corp. v. Peacock*, 110 F.3d 222, 228 (3d Cir. 1997) (court does not consider the merits, but "decides only whether there was an agreement to arbitrate, and if so, whether the agreement is valid"). Where the parties' agreement contains a "broad" arbitration clause -- one which purports to refer all disputes arising out of the contract to arbitration -- there is a

"presumption of arbitrability" of claims arising under that agreement. *Premier Health Center, P.C. v. UnitedHealth Group*, No. 11-425 (ES), 2012 WL 1098543, at *3 (D.N.J. Mar. 30, 2012) (*citing AT&T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650, 106 S. Ct. 1415 (1986)). In a recent decision by this Court, *Sabre Glbl, Inc. v. Shan*, No. 15-8900 (WJM), 2016 WL 1365996, at *2 (D.N.J. Apr. 6, 2016), the motion to compel arbitration and stay the proceedings was granted because the plaintiff did not dispute that the agreement containing an arbitration provision was enforceable and the broad language of the provision encompassed the alleged claims.

This case, like *Sabre Glbl, Inc.*, presents a rather unique situation, but one that is dispositive of the threshold issues referenced above, and therefore the issues presented on this motion. Plaintiffs apparently are not seeking to avoid arbitration at all, but instead have chosen to pursue both arbitration and litigation simultaneously. But the parties' agreements required "[a]ny controversy or claim" to be determined by arbitration, and the Plaintiffs have acknowledged this by commencing an arbitration with the ICC. The claims and parties in the arbitration are essentially identical to those presented here. As such, there is no dispute about the arbitrability of these claims. While it is not clear under the circumstances why Plaintiffs have sought to proceed under both avenues, it is entirely clear that there is no legal basis for doing so, and the motion to compel arbitration and dismiss this action should be granted.

## CONCLUSION

For all the reasons stated above, this Court should grant the Defendant Acrow Corporation of America's motion in its entirety.

Dated: New York, New York
May 11, 2016

                Respectfully submitted,

                L<small>E</small>CLAIRRYAN, A Professional Corporation

                */s/ Kenneth c. Beehler*
                      Kenneth C. Beehler, Esq.
                885 Third Avenue, 16th Floor
                New York, New York 10022
                (212) 697-6555
                Kenneth.Beehler@leclairryan.com

                *Attorneys for Defendant*