**Omojola & Associates, P.C.**
ATTORNEYS AT LAW

30 HOWE AVENUE | SUITE 202 | PASSAIC | NEW JERSEY | 07055
TEL: 973.955.4721 | FAX: 973.955.4722 | WWW.OMOJOLALAW.COM

Tuesday, June 28, 2016

**Via Electronic CM-ECF**
Honorable Stanley R. Chesler, U.S.M.J
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:     **Adjournment of Rule 16 Conference Date- Case No.: 2:16-cv-00075-SRC-CLW**
        **Terra Finance, LLC and Kofi Osae-Kwapong v. Acrow Corporation of America**

Dear Judge Chesler:

As your knows, the Law Firm of Omojola & Associates, P.C. represents Plaintiffs Terra Finance, LLC and Mr. Kofi Osae-Kwapong in the matter referenced above.

Pending before your honor is Defendant's Motion to Dismiss and to Compel Arbitration, and counsel's Motion to Withdraw from representing Plaintiffs. Among Plaintiffs' proposed argument in response to the Defendant's Motions is that while there is an arbitration clause in the underlying contract, any issues of federal law raised by Defendant are best heard at the Federal Court. Plaintiff's basic contention, among others that counsel consistently stated in previous letters to this court, is that issues of breach of contract are well within the ambit of an international tribunal, but, as Plaintiffs expected, based on telephonic discussions between both parties' attorneys, Defendant proposed claims that Plaintiff violated federal law, specifically the Foreign Corrupt Practices Act, should be heard in federal court where jurisdiction and the court's experience with federal questions are undeniable – rather than by to have international tribunal decide issues of American law.

Even as counsel prepared to lay Plaintiffs' various arguments before the court, counsel continued to have severe difficulty in dealing with Mr. Kofi Osae-Kwapong, the details of which should be not be made public, as they could jeopardize Plaintiffs' interests in this matter. Unfortunately, the breakdown in trust, along with other factors led to the decomposition of the attorney-client relationship, beyond repair, so that counsel ultimately filed to withdraw from representing Plaintiffs before this court. This was the best decision, rather than counsel risking malpractice and other severe problems with Mr. Osae-Kwapong. It is worth noting that Plaintiff consented to counsels' decision, and issued an affidavit in support of counse's withdrawal, chiefly to keep Plaintiffs' laundry private.

Defendant's counsel, Mr. Kenneth C. Beehler, by his letter dated June 24, 2016, seeks an ax to grind, because Mr. Osae-Kwapong's certification that was dated Friday, June 17, 2016, and

counsel engaged in mutual discussions with Defendant's counsel, Mr. Thomas Butler on June 21, 2016, about putting the case in federal court on hold, while both parties explored arbitration.

Mr. Beehler failed to consider the following factors:

1) Counsel and Mr. Butler (not Mr. Beehler) have been in communication about this case.
2) Mr. Butler sent Defendant's Response to Plaintiff's Arbitration filing to counsel on June 20, 2016, which was the first time that counsel saw this filing.
3) Defendant's Arbitration Response alleged no specific violations of United States federal law by Plaintiffs, so that chief reason why Plaintiff sought to hear this case in federal court dissipated.
4) Continuing with litigation in federal court became unnecessary, until or unless Defendant accused Plaintiffs of any specific acts raised questions of United States federal law.

Embedded below is an image indicating counsel did not learn, until June 20, 2016 when counsel received Defendant's Arbitration Answer, that Defendant raised no specifics issues of federal law, in their response to the underlying Arbitration proceeding. Thus rendering the matter moot in federal court.



While the timing and the factors underlying Plaintiffs' and counsel's decision to part ways in this court case are matters of attorney-client privilege, counsel imagines that any attorney who would withdraw from a federal case, should do so in a manner likely to cause the least damage to the client. Seeing counsel did not know until June 20, 2016 that issues of federal law were moot, based upon review of Defendant's Arbitration Response that Mr. Butler sent to counsel on June 20, 2016, the next reasonable course of action was to seek a consent order to stay the action in federal court, until or unless Defendant subsequently raised issues touching on federal law, which are best adjudicated by the federal court. This development would simply leave Plaintiffs in the strongest position possible, so that Plaintiffs do not suffer undue prejudice from counsel's withdrawal, even as Mr. Osae-Kwapong continued to fail on resolving issues that militated counsel's withdrawal.

Any claims by Mr. Beechler that counsel's motion to withdraw is coordinated with the deadline for Plaintiff's Response to Defendant's Motions is baseless. As seen from Mr. Butler's response, counsel contacted him the week before June 20, 2016, seeking a copy of Defendant's Arbitration Response, so that the offer to stay the federal case would have been relayed if Mr. Butler had been able to respond sooner with a copy of Defendant's Response in Arbitration. Due to Mr. Osae-Kwapong's unabated conduct Counsel's Motion to withdraw was inevitable. Besides, in accordance with the Arbitration clause, the findings of the Arbitration court are to be enforced via federal court. Hence, staying the case in federal court was simply the best choice, seeing both parties would have ultimately returned to federal court after Arbitration. Seeking to stay a moot motion, would preserve Plaintiff's position, if subsequent counsel representing Plaintiffs desired to proceed with substantive arguments under the pending motion, without undue prejudice to either party.

This court should advise Mr. Beechler to refrain from *ad hominem* attacks, especially under circumstances such as this, where he was not privy to the exchange between counsel and Mr. Butler, who, to counsel's knowledge, is Defendant's lead attorney in this matter.

    Respectfully submitted,

    Aderemilekun A. Omojola, Esq.
    Omojola & Associates, P.C.
    30 Howe Avenue | Suite 202
    Passaic | New Jersey | 07055
    Tel: 973.955.4721 | Fax: 973.955.4722
    aomojola@omojolalaw.com